Dear Mr. Chehardy:
Our office received your request to clarify La. Atty. Gen. Op. No. 10-0042, which took the position that square footage obtained by the assessor in the performance of his or her constitutional and statutorily designated duties falls within the definition of a public record provided by the Public Records Act, and must be produced for inspection by the public. Your letter indicates that this opinion may be in conflict with La.R.S. 47:2327, such statute which makes certain forms filed by a taxpayer confidential, and have asked for clarification. In response to your request, we provide the following clarification as to how La. Atty. Gen. Op. No. 10-0042 may be reconciled with La.R.S. 47:2327.
As stated in La. Atty. Gen. Op. No. 10-0042, the right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to . . . examine public documents, except in cases established by law." You have asked our office to consider the applicability of La.R.S. 47:2327 to the issue of producing square footage maintained by the assessor. Such statute provides:
Forms filed by a taxpayer pursuant to this Act shall be confidential and shall be used by the assessor, the governing authority, and the Louisiana Tax Commission solely for the purpose of administering the provisions of this Act. Such forms shall not be subject to the provisions relative to public records as set forth in Title 44 of the Louisiana Revised Statutes of 1950, provided however, that such forms shall be admissible in evidence and subject to discovery in judicial or administrative proceedings *Page 2 
according to general law relating to the production and discovery of evidence.
La.R.S. 47:2327.
The legislature has specifically recognized La.R.S. 47:2327 as an exception to the Public Records Act, incorporating such exception into the Public Records Act at La.R.S. 44:4.1(B)(29).
It is the opinion of this office that the legislature intended to specifically exempt the self-reporting forms allowed by La.R.S. 47:2324 and established by La.R.S. 47:2325 from production under the Public Records Act. This is indicated by the specific language included in La.R.S. 47.2327 "[s]uch forms shall not be subject to the provisions relative to public records. . ." and the instruction that La.R.S. 47:2327 is an exception, exemption or limitation to the Public Records Act continued in effect by incorporation through La.R.S. 44:4.1(B)(29).
The issue addressed in La. Atty. Gen. Op. No. 10-0042 was whether square footage determined by the assessor or obtained from outside contractors is subject to release under the Public Records Act. We note that the assessor may obtain square footage of a property in different ways. The use of the self-reporting form described in La.R.S. 47:2327 is optional; the assessor may also obtain square footage of a property through other means. If the assessor decides to exercise the option of obtaining this information from the self-reporting form, consistent with the clear and unambiguous direction of La.R.S. 47:2327 and La.R.S. 44:4.1(B)(29), this information is not subject to production pursuant to a public records request. However, if the assessor obtains the square footage of a property through other means, i.e. his own investigation or through the use of outside contractors, as suggested by the original requestor in La. Atty. Gen. Op. No. 10-0042, the information does not fall within any specified exception to the Public Records Act, and thus the square footage would be subject to production.
In conclusion, to provide further clarification to the opinion issued by this office in La. Atty. Gen. Op. No. 10-0042, if the only manner in which the assessor obtains the square footage of a property is by virtue of the self-reporting form described in La.R.S. 47:2327, this information is confidential pursuant to the clear language in La.R.S. 47:2327 and La.R.S. 44:4.1(B)(29). However, if the assessor obtains square footage of a property through his own investigation or through the use of outside contractors, this information is subject to release. *Page 3 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB